IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBIO RONNIE TOWNSEND,

    Petitioner,               No. CIV S-11-2058 GGH P

    vs.

ATASCAEDRO STATE HOSPITAL,

    Respondent.            ORDER
_____/

I. Introduction

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to both parties' consent. Docs. 5, 10. In the courts screening order it was specifically noted that in the instant case petitioner could only challenge his plea in Sacramento County, he could not also challenge his confinement in Atascadero State Hospital due to mental illness. Doc. 6. Petitioner was informed that he could challenge his confinement in Atascadero in a separate petition filed in the appropriate district. Id.

      Currently pending before the court is respondent's December 21, 2011, motion to dismiss on the grounds that this action is barred by the statute of limitations and the claims are not exhausted. Doc. 18. Petitioner did not file an opposition or otherwise communicate with the

1

court so on February 9, 2012, the court ordered petitioner to file an opposition or this case would be dismissed.  On February 21, 2012, petitioner submitted a filing that does not address the substance of the motion to dismiss, but instead discusses his strong disagreement with the handling of his state criminal offense and the justice system in general.  For the reasons that follow, the court orders that the motion to dismiss be granted and this case closed.

II.  Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner pled no contest to possession of a destructive device and was sentenced to a term of two years and eight months on March 12, 2008.  Lodged Document (Lod. Doc.) 2.  Petitioner did not appeal the judgment.  Petitioner's conviction became final 60 days later on May 11, 2008, when the time to appeal expired.  Cal. Rule of Court 30. 1, revised as 8.308; see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (as to a conviction wherein a direct appeal is not filed, judgment is not final until 60 days after conviction).  Time began to run the next day, on May 12, 2008.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

1 Petitioner had one year, that is, until May 11, 2009, to file a timely federal petition, absent

2 applicable tolling.  The instant action, filed July 23, 2011, is not timely unless petitioner is

3 entitled to statutory or equitable tolling.

4 However, petitioner did not file any state habeas petitions that would provide

5 statutory tolling, nor does petitioner argue for equitable tolling, therefore this is action is barred

6 by the statute of limitations and the claims are unexhausted.

7 While petitioner does not address this in his opposition to the motion to dismiss,

8 petitioner indicated on the petition that he appealed his conviction.  Petitioner does not include

9 any case numbers, yet a case search indicates he appealed his commitment to the Department of

10 Mental Health, and the Court of Appeal affirmed the commitment.  People v. Townsend, 182

11 Cal. App.4th 1151 (2010).  However, there is no indication he appealed his underlying criminal

12 offense that is relevant to this action.  As stated before, to the extent that petitioner wishes to

13 challenge his civil commitment he must file a separate petition in the appropriate district,

14 assuming the claims are fully exhausted.

15 Accordingly, IT IS HEREBY ORDERED that:

16 1. The motion to dismiss (Doc. 18) is granted and this case dismissed;

17 2. A certificate of appealablity is not issued in this action.

18 Dated: March 7, 2012

19   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

20

GGH: AB
21 town2058.mtd

3